UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMES RAY,

      Plaintiff,

   -against-

BALESTRIERE FARIELLO, et al.,

      Defendants.

         1:18-cv-11211 (JLR)

         **<u>ORDER</u>**

BALESTRIERE FARIELLO,

    Counterclaim Plaintiff,

   -against-

AMES RAY,

     Counterclaim Defendant.

JENNIFER L. ROCHON, United States District Judge:

 After a jury trial, the jury returned a verdict in favor of Defendant Balestriere Fariello.

The Court Exhibits from trial are appended to this Order:

- Court Exhibit 1: Preliminary *voir dire* questionnaire
- Court Exhibit 2: Final *voir dire* questionnaire
- Court Exhibit 3: Preliminary jury instructions
- Court Exhibit 4: Preliminary jury charge
- Court Exhibit 5: Preliminary verdict sheet
- Court Exhibit 6: Final jury charge
- Court Exhibit 7: Final verdict sheet

- Court Exhibit 8: Jury note
- Court Exhibit 9: Jury note
- Court Exhibit 10: Jury note
- Court Exhibit 11: Jury note
- Court Exhibit 12: Jury note
- Court Exhibit 13: Jury verdict

Dated: February 2, 2023
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

**Court Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMES RAY,

                    Plaintiff,

        -against-

BALESTRIERE FARIELLO, et al.,

                    Defendants.

BALESTRIERE FARIELLO,

                    Counterclaim Plaintiff,

        -against-

AMES RAY,

                    Counterclaim Defendant.

                                1:18-cv-11211 (JLR)

JENNIFER L. ROCHON, United States District Judge:

<u>**QUESTIONS FOR JURORS**</u>

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything.  <u>Do not write your name or make any other marks on the questionnaire</u>.  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

**A.  <u>General Questions</u>**

    1.    This trial is expected to last approximately five days.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end early to mid next week?

    2.    Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet, or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

7. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B. Knowledge of People or Places**

8. The plaintiff in this case is Ames Ray. Do you know, or have you had any dealings, directly or indirectly, with Ames Ray?

9. The plaintiff will be represented at trial by attorney David Anziska from The Law Offices of David Anziska. Do you know Mr. Anziska or ever had any dealings with his law firm? Have you, or has anyone close to you, ever had any dealings with his law firm?

10. The defendants in this case are the law firm Balestriere Fariello and an attorney at that firm, John G. Balestriere. Do you know, or have you had any dealings, directly or indirectly, with either the firm or the individual? Have you, or has anyone close to you, ever had any dealings with this law firm?

11. The defendants will be represented by attorney Matthew Schmidt from the law firm Balestriere Fariello. Do you know Mr. Schmidt or had any dealings with him?

12. The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

    a. Ames Ray

    b. Frank Raimond

    c. Peter Alkalay

    d. Charles Moxley

    e. J. Kelley Nevling

    f. Wade Wilkinson

    g. John G. Balestriere

     h.    Jillian McNeil

     i.    Thomas Foley

     j.    Marc Natale

     k.    Tracie A. Goldsmith

     l.    Partha P. Chattoraj

     m.    Christina Ray

     n.    Donald E. Watnick

     o.    Julie Stark

     p.    Justice Charles E. Ramos

     q.    Mandeep S. Minhas

     r.    Sophie L. Saydah

Do you know any of these individuals or entities?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

## C.  Personal Experiences and Opinions

**[For the questions in this section, if your answer is yes, please also answer this follow-up question: Is there anything about that experience that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?  If the matter is sensitive, it can be discussed at the bench.]**

13.    Have you, or has anyone close to you, ever worked for Ames Ray, Balestriere Fariello, or John Balestriere?

14.    Have you, or has anyone close to you, either professionally or personally, ever been a party to any legal action or dispute with Ames Ray, Balestriere Fariello, or John Balestriere?

15.    Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

16.    Have you, or has anyone close to you, ever been involved in a lawsuit, whether civil or criminal?

17.    Have you ever been in a dispute with your attorney or a law firm over the services provided or unpaid legal bills?

18.   Do you have any feelings about attorneys or the legal profession that would make you unable to participate in fair and impartial deliberations?

19.   Have you ever served as a member of a grand jury?

20.   Have you ever served as a juror in any court?

21.   Have you or any member of your family ever been employed by the city, state or federal government?

**D.  Difficulties in Understanding or Serving**

22.   Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

23.   Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

24.   Do you have any difficulty in reading or understanding English?

25.   Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

**Questions for Individual Jurors**

1.  Please state your name and your county of residence.  Have you lived in this county for more than 5 years?

2.  How old are you?

3.  How far did you go in school?  (If college, what was your field of study in college?)

4.  Who is your employer?  (If retired or unemployed, please identify your last employer.)

5.  What do/did you do for a living?

6.  How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.  Who are the members of your household and for whom do they work?

8.  If you have grown children, for whom do they work?

**Court Exhibit 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMES RAY,

                        Plaintiff,

         -against-

BALESTRIERE FARIELLO, et al.,

                        Defendants.

                                      1:18-cv-11211 (JLR)

BALESTRIERE FARIELLO,

                    Counterclaim Plaintiff,

         -against-

AMES RAY,

                    Counterclaim Defendant.

JENNIFER L. ROCHON, United States District Judge:

<u>**QUESTIONS FOR JURORS**</u>

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything. <u>Do not write your name or make any other marks on the questionnaire</u>.  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

**A.  <u>General Questions</u>**

    1.    This trial is expected to last approximately seven days.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end mid next week?

    2.    Do you have any personal knowledge of the allegations in this case as I have described them?

3.  Have you read or heard anything about this case through the media, the Internet, or any other source?

4.  Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5.  Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6.  Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

7.  If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B.  Knowledge of People or Places**

8.  The plaintiff in this case is Ames Ray.  Do you know, or have you had any dealings, directly or indirectly, with Ames Ray?

9.  The plaintiff will be represented at trial by attorney David Anziska from The Law Offices of David Anziska.  Do you know Mr. Anziska or ever had any dealings with his law firm?  Have you, or has anyone close to you, ever had any dealings with his law firm?

10.  The defendants in this case are the law firm Balestriere Fariello and an attorney at that firm, John G. Balestriere.  Do you know, or have you had any dealings, directly or indirectly, with either the firm or the individual?  Have you, or has anyone close to you, ever had any dealings with this law firm?

11.  The defendants will be represented by attorney Matthew Schmidt from the law firm Balestriere Fariello.  Do you know Mr. Schmidt or had any dealings with him?

12.  The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

    a.  Ames Ray

    b.  Frank Raimond

    c.  Peter Alkalay

    d.  Charles Moxley

    e.  J. Kelley Nevling

    f.  Wade Wilkinson

    g.  John G. Balestriere

    h.    Jillian McNeil

    i.    Thomas Foley

    j.    Marc Natale

    k.    Tracie A. Goldsmith

    l.    Partha P. Chattoraj

    m.    Christina Ray

    n.    Donald E. Watnick

    o.    Julie Stark

    p.    Justice Charles E. Ramos

    q.    Mandeep S. Minhas

    r.    Sophie L. Saydah

Do you know any of these individuals or entities?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

**C.  Personal Experiences and Opinions**

**[For the questions in this section, if your answer is yes, please also answer this follow-up question: Is there anything about that experience that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?  If the matter is sensitive, it can be discussed at the bench.]**

13.    Have you, or has anyone close to you, ever worked for Ames Ray, Balestriere Fariello, or John Balestriere?

14.    Have you, or has anyone close to you, either professionally or personally, ever been a party to any legal action or dispute with Ames Ray, Balestriere Fariello, or John Balestriere?

15.    Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

16.    Have you, or has anyone close to you, ever been involved in a lawsuit, whether civil or criminal?

17.    Have you ever been in a dispute with your attorney or a law firm over the services provided or unpaid legal bills?

18. Do you have any feelings about attorneys or the legal profession that would make you unable to participate in fair and impartial deliberations?

19. Have you ever served as a member of a grand jury?

20. Have you ever served as a juror in any court?

21. Have you or any member of your family ever been employed by the city, state or federal government?

**D.  Difficulties in Understanding or Serving**

22. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

23. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

24. Do you have any difficulty in reading or understanding English?

25. Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

**<u>Questions for Individual Jurors</u>**

1.    Please state your name and your county of residence.  Have you lived in this county for more than 5 years?

2.    How old are you?

3.    How far did you go in school?  (If college, what was your field of study in college?)

4.    Who is your employer?  (If retired or unemployed, please identify your last employer.)

5.    What do/did you do for a living?

6.    How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.    Who are the members of your household and for whom do they work?

8.    If you have grown children, for whom do they work?

**Court Exhibit 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMES RAY,

                             Plaintiff,

             -against-

BALESTRIERE FARIELLO, et al.,

                             Defendants.                          1:18-cv-11211 (JLR)

BALESTRIERE FARIELLO,

                 Counterclaim Plaintiff,

             -against-

AMES RAY,

                 Counterclaim Defendant.

JENNIFER L. ROCHON, United States District Judge:

## PRELIMINARY JURY INSTRUCTIONS

**1.  Role of Judge and Jury**

    **A.** Now that you have been sworn, let me give you some instructions about your duties as jurors.  In the American system of justice, the judge and the jury have separate roles.

        **i.** My job is to instruct you as to the law that will govern this case, and I will give you most of those instructions at the very end of the trial, although I will give you some, including these, before the end.  You **must** take your instructions from the Court — that is, from me —and you are bound by those instructions.  You may not substitute your own ideas of what the law is or what you think the law should be.

        **ii.** Your job as jurors will be to determine the facts based on the evidence that comes in during the course of the trial.  You are the only deciders of the fact issues, and your determination of the facts will control.

    **iii.** Please do not take anything that I say or do during the course of the trial as indicating that I have a view as to your factual determination.  Those decisions are for you.

    **iv.** At the conclusion of the case, your job will be to determine whether the plaintiff has proven its claims against the defendant according to my instructions on the law, and whether defendant has proven its claims against the plaintiff according to my instructions on the law.

## 2.  Order of Trial

**A.** Let me explain how the trial will proceed.

**B.** First, I will review some preliminary instructions on the legal claims in this case so that it is easier for you to put into context the evidence that will be presented.  I will also instruct you at the end of the case with these instructions and some additional ones, but it is sometimes helpful to understand the context of the claims before you start to hear the evidence.

**C.** The first/next step in the trial will be opening statements.  First, counsel for the plaintiff will make an opening statement, which is simply an outline to help you understand the evidence as it is presented.  Then counsel for the defendant will make an opening statement.  I instruct you, however, that opening statements are not evidence.

**D.** After opening statements, the plaintiff will present its evidence.  That evidence will consist of the testimony of witnesses as well as documents and exhibits.  The plaintiff's lawyers will examine the witnesses and then the defendant's lawyers may cross-examine them.  Because the plaintiff and defendant are calling some of the same witnesses, I will allow longer examinations for both sides so that each witness is called only once.  Following the plaintiff's case, the defendant may present a case and may call additional witnesses.  The plaintiff's lawyers will have the opportunity to cross-examine any witnesses testifying for the defendant.

**E.** After the presentation of evidence is completed, counsel for the parties will deliver their closing arguments to summarize and interpret the evidence.  Just as the lawyers' opening statements are not evidence, their closing arguments are not evidence either.

**F.** Following closing arguments, I will instruct you on the law.  Then you will retire to deliberate on your verdict, which must be unanimous, and must be based on the evidence presented at trial.

**G.** It is important to remember that this is a civil case.  You may have heard of the "beyond a reasonable doubt" standard in criminal cases.  That requirement does <u>not</u> apply to a civil case and you should put it entirely out of your mind.  In civil cases, the burden is different and it is called proof by a "preponderance of the evidence."  To establish facts by a preponderance of the evidence means to prove that the facts are more likely true than not true.  I will, however, instruct you fully on the burden of proof after all of the evidence has been received.

**3.   What Is and Isn't Evidence**

**A.** What, then, is evidence?  Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or any stipulations agreed to by the attorneys.  Some of you probably have heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

**B.** Certain things are not evidence and must not be considered by you.  The following is a list of what is not evidence:

**i.** <u>First</u>, statements and questions by any of the attorneys are not evidence.  Nor are statements I make or questions I ask of a witness.  And, as I said a moment ago, opening and closing statements by the parties are not evidence.

**ii.** <u>Second</u>, objections to questions are not evidence.  Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objections or by my rulings on them.  If an objection is sustained, ignore the question and any answer that may have been given.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

**iii.** <u>Third</u>, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

**iv.** <u>Fourth</u>, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case based solely on the evidence presented here in the courtroom.

**4.   Evaluating the Evidence**

**A.** In deciding the facts of the case, you will have to decide the credibility of the witnesses — that is, how truthful and believable they are. There is no formula to evaluate evidence.

    **i.** For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives. Do not leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case. You can apply the same tests here in this courtroom that you use in your everyday life when judging whether someone is telling you the truth:

        **a.** Did they appear to be telling the truth?

        **b.** Did they have a motive to tell you the truth or to lie?

        **c.** Did they appear to have a good recollection of the events they're describing?

    **ii.** Any test that you apply normally in making assessments of reliability and credibility, you can use here. Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

**B.** The law does not require you to accept all of the evidence admitted at trial. In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.** It is essential, however, that you keep an open mind until you have heard all of the evidence in the case. A case can be presented only step by step, witness by witness.

**D.** As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event — or even the same person cross-examined with respect to the event — things may seem very different. In other words, there may be another side to any witness's story.

**E.** You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over. You should not reach any conclusions until you have all the evidence before you.

**5.   Rules of Conduct**

   **A.** Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.

   **i.**   <u>First</u>, you must <u>not</u> talk to <u>each other</u> about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.  And why do we have that rule? We have that rule because we know it's human nature, if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each other.  We don't want you to do that until all the evidence is before you.  During deliberations, that's the time to discuss the case.  As I have said, keep an open mind until you start your deliberations at the end of the case.

   **ii.**   <u>Second</u>, do <u>not</u> communicate with <u>anyone else</u> about this case or with anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  Anyone else includes members of your family and your friends.  And no communicating about the case means no communicating on Facebook, Twitter, blogs, whatever.  You may tell your family and friends that you are a juror in a criminal case, but please do not tell them anything else about it until you have been discharged by me.  Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

   **iii.**   <u>Third</u>, do <u>not</u> let anyone talk to <u>you</u> about the case or about anyone who has anything to do with it.  If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else.  When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

   **a.**   To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day.  You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria.  Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

    **iv.** <u>Fourth</u>, do <u>not</u> do any research or any investigation on your own about the case or about anyone who has anything to do with the case.  During the course of the trial, you will receive all the evidence you may properly consider to decide the case.  Because of this, unless and until you are excused as a juror, you should not attempt to gather any information on your own relating to the case.

        **a.** Do <u>not</u> engage in any outside reading on this case.

        **b.** Do <u>not</u> attempt to visit any places mentioned in the case.

        **c.** Do <u>not</u> use the Internet — Google, Facebook, Twitter, or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, witnesses, or me.

        **d.** Do <u>not</u> do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

        **e.** The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

    **v.** I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

    **vi.** This is a public courtroom.  People can come and go.  It may be that you even know someone who enters this courtroom during this trial. If you do, that's fine. Just let my Deputy know so that I can give you a separate instruction.

**6.  Notetaking**

    **A.** <u>Finally</u>, each of you will be given a notebook and pen.  That is because I permit jurors to take notes.  But you do not have to take notes.  Notes are just an aid to your own recollection.  The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations.   If you do take notes, be aware that note-taking may distract you from something important that is happening on the witness stand.  Also, if you do take notes, please begin writing on the second page of your legal pad, and please put your juror number on the first page of the pad, so that we can be sure that only you will be making and reviewing the notes that are written in your pad

**B.** I want to emphasize that your notes are not to be shared with fellow jurors during deliberations, that the fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations, and that a transcript will be available to all jurors if there is any difficulty remembering the testimony.  If you do take notes, all notes must be left each day in the jury room.  My Deputy will make sure that they are secure.

## 7.  Final Instructions

**A.** From this point until the time when you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  In that regard, please remember that the parties and counsel in this case have been instructed to have no contact with any of you.  So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense.  As I mentioned earlier, they are not being rude — they are simply following my instructions.

**B.** I am now going to give you some brief instructions on the 3 claims in this case, in order to give you context for the evidence that you will be hearing throughout the trial. I will then instruct you comprehensively again at the end of the trial. [Court to review powerpoint provided to parties, to which there was no objection.]

**C.** There is one additional instruction that I would like to give you.

    **i.** You will hear testimony from an attorney concerning communication that he had with a former client. You may have heard of attorney-client privilege, but an attorney is permitted under ethical rules to reveal such communications to defend himself.

**D.** Now we will begin with the initial stage of the case, which, as I said to you, is opening statements, and we are going to begin with the plaintiff.  So at this time I am going to ask all of you to give your undivided attention to the lawyers as they make their opening statements.

**Court Exhibit 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMES RAY,

                                    Plaintiff,

               -against-

BALESTRIERE FARIELLO, et al.,

                         Defendants.

                                                        1:18-cv-11211 (JLR)

BALESTRIERE FARIELLO,

                    Counterclaim Plaintiff,

               -against-

AMES RAY,

                    Counterclaim Defendant.

JENNIFER L. ROCHON, United States District Judge:


### JURY INSTRUCTIONS

# TABLE OF CONTENTS

I.     GENERAL INSTRUCTIONS ....................................................................................... 1

       A.     Introductory Remarks .......................................................................................... 1

       B.     Role of the Court .................................................................................................. 1

       C.     Role of the Jury .................................................................................................... 2

       D.     Role of Counsel .................................................................................................... 2

       E.     Sympathy or Bias ................................................................................................. 3

       F.     Burden of Proof .................................................................................................... 4

       G.     What Is and Is Not Evidence ............................................................................... 5

       H.     Direct and Circumstantial Evidence .................................................................... 6

       I.     Witness Credibility .............................................................................................. 7

       J.     Prior Inconsistent Statement ............................................................................... 9

       K.     Preparation of Witnesses.................................................................................... 10

       L.     [Stipulations] ...................................................................................................... 10

II.    SUBSTANTIVE INSTRUCTIONS ........................................................................... 10

       A.     Plaintiff's Claim for Breach of Fiduciary Duty ................................................ 11

       B.     Plaintiff's Claim for Conversion ....................................................................... 12

       C.     Defendants' Account Stated Counterclaim........................................................ 13

III.   DAMAGES................................................................................................................. 14

       A.     Compensatory Damages ..................................................................................... 15

       B.     Damages for Breach of Fiduciary Duty ............................................................. 15

       C.     Damages on Conversion Claim .......................................................................... 16

       D.     Damages on Account Stated Counterclaim ....................................................... 16

       E.     Punitive Damages ............................................................................................... 16

       F.     Multiple Claims—Multiple Defendants ............................................................ 17

IV.    DELIBERATIONS OF THE JURY ........................................................................... 18

       A.     Selection and Duties of Foreperson ................................................................... 19

       B.     Right to See Exhibits and Hear Testimony; Communication with the Court....... 19

       C.     Notes ................................................................................................................... 19

       D.     Duty to Deliberate; Unanimous Verdict ............................................................ 20

       E.     Verdict Form ...................................................................................................... 21

       F.     Return of Verdict ............................................................................................... 21

V.     CONCLUSION........................................................................................................... 22

# I.   GENERAL INSTRUCTIONS

## A.   Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure and deliberations.

Listening to these instructions may not be easy because they are long and extensive.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.

## B.   Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal

1

principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.   Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts.  Any opinion I might have regarding the facts is of absolutely no consequence.

### D.   Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to Mr. Anziska or Mr. Schmidt, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question.  You should draw no inference against him or the client.  It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing.  These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.      Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy.  You must be completely fair and impartial.  Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence.  Our system of justice cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, sexual orientation, disability, or physical appearance of any party or witness.  It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way.  The parties in this case are entitled to a trial free from prejudice and bias.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

F.      **Burden of Proof**

As this is a civil case, parties have the burden of proving their claims by a preponderance of the evidence.  Here, the parties have brought claims against each other.  For Mr. Ray's claims of breach of fiduciary duty and conversion, the burden of proof rests on Mr. Ray.  This means that Mr. Ray must prove by a preponderance of the evidence each and every disputed element of his claims.  For the law firm Balestriere Fariello's claim of account stated, the burden of proof rests on Balestriere Fariello. That means that for this claim, Balestriere Fariello must establish by a preponderance of the evidence all of the elements of its claim.  If you find that the party with the burden of proof has failed to establish his or its claim by a preponderance of the evidence, you must decide against that party on that claim.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly,

in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### G.      What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations – or agreements – as to certain facts entered into by the parties.  [Some of the testimony you heard in this case was taken at pre-trial depositions.  The deposition testimony was given under oath and should be treated by you just like testimony given from the witness stand here in the courtroom.]

Testimony that I may have stricken or excluded, however, is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I gave you, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness' recollection.

As I told you at the start of this case, statements and arguments by Mr. Anziska or Mr. Schmidt are not evidence, because the lawyers who represent the parties are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you

understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatements of exhibits, or summarizing of the witness' testimony as evidence.  It is the witnesses' answers to those questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### H.     Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct

evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

## I.      Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness' bias or impartiality, the reasonableness of the witness' statement, the strength or weakness of the witness' recollection

viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he was talking about?  Did the witness strike you as someone who was trying to report his knowledge accurately?  These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.  Often it is not what a person says but how he says it that moves us.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his testimony.  You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case.  Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties.  Such bias or interest in the outcome creates a motive to testify falsely.  It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness' interest has affected or colored his testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his testimony and accept as true any other portion of the testimony which you find credible or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his testimony at this trial was truthful in whole or in part.

## J.    Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier occasions which counsel argue are inconsistent with their trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of any such prior inconsistent statements was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself. If you find that a witness made an earlier statement that conflicts with that witness' trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

K.     **Preparation of Witnesses**

You heard evidence that certain witnesses discussed the facts of the case and their testimony with lawyers before the witness appeared in court.  Although you may consider that fact when you are evaluating a witness' credibility, you should be aware that there is nothing unusual or improper about a witness meeting with lawyers before testifying.  Indeed, it would be unusual for a lawyer to call a witness to testify without such preparation.

L.     **[Stipulations]**

[You have heard evidence in the form of stipulations, or agreements, as to certain facts or as to testimony a person would give if called to testify.  Where the parties have entered into an agreement as to certain facts, you must regard the agreed-upon facts as true.  Where the parties have stipulated as to what a witness would say if called to testify, you must accept the parties' agreement as to what the witness would say.]

## II.     SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.  Mr. Ray, the plaintiff in this case, has asserted a claim for breach of fiduciary duty and a claim for conversion against the defendants John G. Balestriere and the law firm Balestriere Fariello.  I will be referring to defendants collectively as the BF Parties.

The law firm Balestriere Fariello has also brought an account stated counterclaim against Mr. Ray.

10

I will discuss the elements of each of these claims.   You should consider each element of each claim separately and determine whether the party who has brought the claim has proven each element of the claim by a preponderance of the evidence.

### A.      Plaintiff's Claim for Breach of Fiduciary Duty

Plaintiff Mr. Ray claims that the BF Parties breached their fiduciary duty to Mr. Ray.  In order to establish a claim for breach of fiduciary duty, Mr. Ray must prove by a preponderance of the evidence first, that a fiduciary duty existed between plaintiff and defendants, second that defendants breached that duty, and third that damages resulted from that breach.

An attorney owes a fiduciary duty to a client, which means an attorney has a duty to act in good faith and in a client's best interests.  An attorney, like any fiduciary, owes undivided and unqualified loyalty to a client and may not act in any manner contrary to a client's interests.  A person acting in a fiduciary capacity is required to make truthful and complete disclosures to those to whom a fiduciary duty is owed, and the fiduciary is forbidden to obtain an improper advantage at a client's expense.

Mr. Ray claims the BF Parties breached their fiduciary duties by failing to inform him that a conflict of interest would exist between the parties since Mr. Ray began the process of deciding whether to file a second fraudulent conveyance lawsuit against Ms. Christina Ray and other parties given their expectation that the projected presiding judge in the case, New York Supreme Court Justice Charles E. Ramos, would impose sanctions against both Mr. Ray and the BF Parties for filing the lawsuit and would have to decide how to apportion the sanctions between them.

The BF Parties contend that there was no breach of fiduciary duty, since there was no conflict of interest between the parties because the BR Parties took full responsibility for the

filing of the second fraudulent conveyance lawsuit, including at a sanctions hearing held before Justice Ramos on January 11-12, 2016.  The BF Parties also assert that Mr. Ray was not damaged by any purported breach of fiduciary duty because he was capably represented by another attorney at the sanctions hearing.

If you find that the BF Parties did not have a fiduciary duty to Mr. Ray or had a duty but did not breach it, you need proceed no further.  If you find that the BF Parties had a fiduciary duty to Mr. Ray and breached that duty, you must then decide whether that breach was a substantial factor in causing Mr. Ray to sustain damages.

If you find that the BF Parties breached their fiduciary duty, and that breach caused Mr. Ray to sustain damages, you will award Mr. Ray such an amount as you find to be the actual compensatory damages sustained by Mr. Ray.

### B.    Plaintiff's Claim for Conversion

Plaintiff Mr. Ray next brings a claim against the BF Parties for conversion for failure to give Mr. Ray his litigation file after multiple requests.

Conversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property.  Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he sooner disposes of the property.

However, an attorney may retain a client's file and refuse to return it if the attorney possesses a retaining lien because the client has failed to pay outstanding legal invoices, which entitles an attorney to keep, as security against payment of fees, all client papers and property

that come into the attorney's possession in the course of employment, unless the attorney is discharged for good cause.

Here, in order to prevail, Mr. Ray must prove that the BF Parties have exercised control over his litigation file and have interfered with Mr. Ray's ability to take possession of it.  Mr. Ray must further show that he has a superior possessory right to his litigation file and that the BF Parties had been discharged by Mr. Ray for good cause and are not entitled to a retaining lien.

The BF Parties assert that Mr. Ray's conversion claim must be rejected because he owes them money over outstanding legal invoices and they were not discharged for good cause and, therefore, they enjoy a superior right of possession over Mr. Ray's legal file as a result of their retaining lien.

If you find that Mr. Ray has not proven his conversion claim by a preponderance of the evidence, you need proceed no further.  If you find that Mr. Ray has proven his conversion claim by a preponderance of the evidence, you will award Mr. Ray such an amount as you find to be the actual compensatory damages sustained by Mr. Ray.

### C.    Defendants' Account Stated Counterclaim

Defendant Balestriere Fariello asserts an account stated counterclaim against Mr. Ray. An account stated is an agreement between parties to an account based on prior transactions between them with respect to the correctness of the account items and balance due.  To establish a claim for account stated, a claimant must prove that: (i) an account was presented; (ii) the account was accepted as correct; and (iii) the debtor promised to pay the amount stated.

Acceptance of the account and a promise to pay may be implied if the debtor receiving a statement of account keeps it without objecting to it within a reasonable time or if the debtor makes partial payment.

Here, there is no dispute as to the first element of Balestriere Fariello's account stated counterclaim – namely that Balestriere Fariello presented and Mr. Ray received invoices for work performed between December 2015 and March 2016.  What is in dispute is whether Mr. Ray adequately conveyed his objections to these invoices through his actions and statements within a reasonable time.

If you find that Mr. Ray failed to adequately dispute the invoices submitted to him by Balestriere Fariello for work performed between December 2015 and March 2016 within a reasonable time, then you will find in favor of Balestriere Fariello in terms of its counterclaim. If you find that Mr. Ray sufficiently disputed invoices submitted to him by Balestriere Fariello, then its counterclaim fails.

If you find that Balestriere Fariello has proven its account stated counterclaim by a preponderance of the evidence, you will award Balestriere Fariello such an amount as you find to be the actual compensatory damages sustained by Balestriere Fariello.

## III.   DAMAGES

If you find in favor of Plaintiff Mr. Ray on either of his claims or for Defendant Balestriere Fariello on its counterclaim, you must also decide the amount of damages that each should be awarded.  I will now instruct you on the law for measuring damages.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event that you should find that Mr. Ray or Balestriere Fariello have proven their claims in accordance with my other instructions.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

### A.      Compensatory Damages

If you find liability on the parties' claims, then, pursuant to the instructions that follow, you should award that party the sum that you find will fairly and justly compensate the party for any injury you believe was proximately caused by the other party's conduct.

If you find for Mr. Ray or Balestriere Fariello with respect to any of their claims, then you must award them the sum that you find by a preponderance of the evidence that will fairly and justly compensate them for any damages you find they have sustained as a direct result or as a reasonably foreseeable consequence of either the BF Parties' or Mr. Ray's conduct.

The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that Mr. Ray or Balestriere Fariello has actually suffered.  It is Mr. Ray's or Balestriere Fariello's burden to prove the amount of their damages on their claims and to prove that the damages were caused by the BF Parties' or Mr. Ray's actions.  Your determination of damages must not be based on speculation or guesswork.

I will now explain the standards you must apply in determining the amount of damages, if any, to award Mr. Ray or Balstreire Fariello on their respective claims.

### B.      Damages for Breach of Fiduciary Duty

If you find that the BF Parties breached their fiduciary duties to Mr. Ray and that the breach was a substantial factor in causing Mr. Ray to sustain damage, you must then decide the amount of damages Mr. Ray sustained as a result of the BF Parties' actions.  Part of those damages may include awarding to Mr. Ray an amount equal to part or all fees remitted to the BF Parties for representing him during the breach of fiduciary duty.

### C.     Damages on Conversion Claim

If you find that Mr. Ray has proven his conversion claim by a preponderance of the evidence, then you will award Mr. Ray such an amount as you find to be the actual damages sustained by Mr. Ray as a result of the BF Parties' failure to turn over Mr. Ray's litigation files as requested.

### D.     Damages on Account Stated Counterclaim

If you find that Balestriere Fariello has proven its account stated counterclaim, then you must find that Mr. Ray is obligated to pay the outstanding invoices owed to Balestriere Fariello. However, if you find that Balestriere Fariello breached its fiduciary duties to Mr. Ray then you may find that it has forfeited its right to collect on outstanding invoices for work performed during the breach of the fiduciary duty.

### E.     Punitive Damages

In addition to compensatory damages, Mr. Ray is seeking an award of punitive damages against the BF Parties.  In addition to actual damages, the law permits a jury, under certain circumstances, to award the injured person punitive or so-called "exemplary damages," in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.  They are not intended to, and may not be used to, compensate a party for injuries suffered, but rather to punish a party and to deter conduct in the future.

Keep in mind that the fact I am giving you instructions on punitive damages should not be considered as an indication on my part as to what your verdict should be or on whether punitive damages should be awarded.  It is entirely up to you to decide whether or not punitive damages should be awarded in this case.

16

Punitive damages may only be awarded if you have awarded compensatory damages to that party.  If you have awarded damages in favor of a party, you may, but are not required to, award punitive damages to them if you find by a preponderance of the evidence that their acts were wanton and reckless, malicious, or so outrageous as to evince a high degree of moral turpitude and showing such wanton dishonesty as to imply a criminal indifference to civil obligations.  An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its effect upon the health, safety and rights of the other party.  An act is malicious when it is done deliberately with knowledge of the other party's rights, and with the intent to interfere with those rights.

Any award of punitive damages should be limited to the amount reasonably necessary to achieve the goals of punishment and deterrence, and should not be so high as to result in financial ruin of a party.  Moreover, any award of punitive damages must bear a reasonable and proportional relationship to actual injuries and the compensatory damages that you award.  In calculating a punitive damages award, you should consider: (1) the nature and reprehensibility of the party's conduct, including the character of the wrongdoing and the party's awareness of what harm the conduct caused; (2) the amount of time the party was engaged in the reprehensible conduct; and (3) the party's financial condition and the impact your punitive damages will have on the party.

**F.    Multiple Claims—Multiple Defendants**

I have two final cautionary instructions.  First, you should not award compensatory damages more than once for the same injury.  For example, if the plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim – he is only entitled to be made whole again, not to recover more than he

lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.  With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim.  Although there are two defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well.  Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants.  If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable.  Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of deciding damages.  If you decide that both defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.      Selection and Duties of Foreperson

It is customary for Juror Number 1 to serve as the foreperson, and that is what we will do here.  The foreperson doesn't have any more power or authority than any other juror, and her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  She will send out any notes, and when the jury has reached a verdict, she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### B.      Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony – in fact any communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

### C.      Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or

impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.    Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case.  You are not to discuss the case unless and until all jurors are present.  A majority of jurors together are only a gathering of individuals. Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your

discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until you are asked in open court.

### E.      Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate your decision.

You should answer every question except where the verdict form indicates otherwise.  You should also proceed through the questions in the order in which they are listed.

### F.      Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## V.    CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, if you apply your own common sense, and if you follow my instructions on the law, you will reach a fair verdict here.

**Court Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMES RAY,

                    Plaintiff,

        -against-

BALESTRIERE FARIELLO, et al.,

                 Defendants.

                                             1:18-cv-11211 (JLR)

BALESTRIERE FARIELLO,

               Counterclaim Plaintiff,

        -against-

AMES RAY,

               Counterclaim Defendant.

JENNIFER L. ROCHON, United States District Judge:

## **VERDICT FORM**

January _____, 2023

**Court Exhibit 5**

**MR. RAY'S BREACH OF FIDUCIARY DUTY CLAIM AGAINST THE BF PARTIES**

**Question 1**:

Did Mr. Ray prove his breach of fiduciary claim against John Balestriere and/or Balestriere Fariello by a preponderance of the evidence?

John Balestriere:          Yes _____          No _____

Balestriere Fariello:      Yes _____          No _____

*If you answered "Yes" to Question 1, please proceed to Question 2.*
*If you answered "No" to Question 1, please proceed to Question 6.*

**Question 2**:

Did Mr. Ray prove by a preponderance of the evidence that he suffered compensatory damages as a result of John Balestriere's and/or Balestriere Fariello's breach of fiduciary duty?

John Balestriere:          Yes _____          No _____

Balestriere Fariello:      Yes _____          No _____

*If you answered "Yes" to Question 2, please proceed to Question 3.*
*If you answered "No" to Question 2, please proceed to Question 5.*

**Question 3:**

State the dollar amount of any compensatory damages that you award Mr. Ray for his breach of fiduciary duty claim against the BF Parties.

              Compensatory damages:        $_____

*If you answered "Yes" to Question 2 and awarded compensatory damages under Question 3, please proceed to Question 4.*

**Question 4:**

State the dollar amount of any punitive damages that you award Mr. Ray for his breach of fiduciary duty claim against John Balestriere and/or Balestriere Fariello.

John Balestriere:          $ _____

Balestriere Fariello:      $ _____

*Please proceed to Question 5.*

## MR. RAY'S CONVERSION CLAIM AGAINST THE BF PARTIES

**Question 5:**

Did Mr. Ray prove his conversion claim against John Balestriere and/or Balestriere Fariello by a preponderance of the evidence?

John Balestriere:          Yes _____          No _____

Balestriere Fariello:       Yes _____          No _____

*If you answered "Yes" to Question 6, please proceed to Question 6.*
*If you answered "No" to Question 6, please proceed to Question 10.*

**Question 6**:

Did Mr. Ray prove by a preponderance of the evidence that he suffered compensatory damages as a result of John Balestriere's and/or Balestriere Fariello's conversion?

John Balestriere:          Yes _____          No _____

Balestriere Fariello:       Yes _____          No _____

*If you answered "Yes" to Question 6, please proceed to Question 7.*
*If you answered "No" to Question 6, please proceed to Question 9.*

**Question 7:**

State the dollar amount of any compensatory damages that you award Mr. Ray for his conversion claim against the BF Parties.

                    Compensatory damages:          $_____

*If you answered "Yes" to Question 6 and awarded compensatory damages under Question 7, please proceed to Question 8.*

**Question 8:**

State the dollar amount of any punitive damages that you award Mr. Ray for his conversion claim against John Balestriere and/or Balestriere Fariello.

John Balestriere:          $ _____

Balestriere Fariello:       $ _____

*Please proceed to Question 9.*

## BALESTRIERE FARIELLO'S COUNTERCLAIM AGAINST MR. RAY

**Question 9**:

Did Balestriere Fariello prove its account stated counterclaim against Mr. Ray by a preponderance of the evidence?

Yes _____          No _____

*If you answered "Yes" to Question 9, please proceed to Question 10.*
*If you answered "No" to Question 9, please proceed to the last page of this verdict sheet and sign the verdict.*

**Question 10**:

Did Balestriere Fariello prove by a preponderance of the evidence that it suffered compensatory damages as a result of Mr. Ray's breach of accounts stated?

Yes _____          No _____

*If you answered "Yes" to Question 10, please proceed to Question 11.*
*If you answered "No" to Question 10, please proceed to the last page of this verdict sheet and sign the verdict.*

**Question 11:**

State the dollar amount of any compensatory damages that you award Balestriere Fariello for its account stated counterclaim against Mr. Ray.

Compensatory damages:          $_____

*Please proceed to the last page of this verdict sheet and sign the verdict.*

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Court in a note that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_____        _____
Foreperson

_____        _____

_____        _____

_____        _____

_____        _____

Dated:        _____

**Court Exhibit 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMES RAY,

                    Plaintiff,

        -against-

BALESTRIERE FARIELLO, et al.,

                    Defendants.

                          1:18-cv-11211 (JLR)

BALESTRIERE FARIELLO,

                Counterclaim Plaintiff,

        -against-

AMES RAY,

                Counterclaim Defendant.

JENNIFER L. ROCHON, United States District Judge:

## **JURY INSTRUCTIONS**

# TABLE OF CONTENTS

I.     GENERAL INSTRUCTIONS ................................................................................. 1

       A.    Introductory Remarks ............................................................................... 1

       B.    Role of the Court ...................................................................................... 1

       C.    Role of the Jury ........................................................................................ 2

       D.    Role of Counsel ........................................................................................ 2

       E.    Sympathy or Bias ...................................................................................... 3

       F.    Burden of Proof ........................................................................................ 4

       G.    What Is and Is Not Evidence .................................................................... 5

       H.    Direct and Circumstantial Evidence ......................................................... 6

       I.    Witness Credibility ................................................................................... 7

       J.    Prior Inconsistent Statement ..................................................................... 9

       K.    Preparation of Witnesses......................................................................... 10

II.    SUBSTANTIVE INSTRUCTIONS ................................................................... 10

       A.    Plaintiff's Claim for Breach of Fiduciary Duty ...................................... 10

       B.    Plaintiff's Claim for Conversion............................................................. 12

       C.    Defendants' Account Stated Counterclaim.............................................. 13

III.   DAMAGES......................................................................................................... 14

       A.    Compensatory Damages .......................................................................... 15

       B.    Damages for Breach of Fiduciary Duty .................................................. 15

       C.    Damages on Conversion Claim ............................................................... 16

       D.    Damages on Account Stated Counterclaim ............................................. 16

       E.    Punitive Damages .................................................................................... 16

       F.    Multiple Claims—Multiple Defendants .................................................. 17

IV.    DELIBERATIONS OF THE JURY ................................................................... 18

       A.    Selection and Duties of Foreperson ........................................................ 19

       B.    Right to See Exhibits and Hear Testimony; Communication with the Court....... 19

       C.    Notes ....................................................................................................... 19

       D.    Duty to Deliberate; Unanimous Verdict ................................................. 20

       E.    Verdict Form ........................................................................................... 21

       F.    Return of Verdict .................................................................................... 21

V.     CONCLUSION................................................................................................... 22

# I.     GENERAL INSTRUCTIONS

## A.     Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure and deliberations.

Listening to these instructions may not be easy because they are long and extensive.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.

## B.     Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal

1

principle different from any that I state to you in my instructions, and you have heard from several lawyers on the stand, it is <u>my</u> instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

C.      **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts.  Any opinion I might have regarding the facts is of absolutely no consequence.

D.      **Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to Mr. Anziska or Mr. Schmidt, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against him or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

E.      Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence. Our system of justice cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, sexual orientation, disability, or physical appearance of any party or witness. It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial

system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

### F.      Burden of Proof

As this is a civil case, parties have the burden of proving their claims by a preponderance of the evidence.  Here, the parties have brought claims against each other.  For Mr. Ray's claims of breach of fiduciary duty and conversion, the burden of proof rests on Mr. Ray.  This means that Mr. Ray must prove by a preponderance of the evidence each and every disputed element of his claims.  For the law firm Balestriere Fariello's claim of account stated, the burden of proof rests on Balestriere Fariello. That means that for this claim, Balestriere Fariello must establish by a preponderance of the evidence all of the elements of its claim.  If you find that the party with the burden of proof has failed to establish his or its claim by a preponderance of the evidence, you must decide against that party on that claim.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element

at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### G.     What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness' recollection.  Some exhibits have redactions on them, or places where the text has been blocked out.  You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by Mr. Anziska or Mr. Schmidt are not evidence, because the lawyers who represent the parties are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatements of exhibits, or summarizing of the witness' testimony as evidence. It is the witnesses' answers to those questions or the exhibits themselves that are evidence. Similarly, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

### H.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

## I.      Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness' bias or impartiality, the reasonableness of the witness' statement, the strength or weakness of the witness' recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he was talking about?  Did the witness strike you as someone who was trying to report his knowledge accurately?  These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.  Often it is not what a person says but how he says it that moves us.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his testimony.  You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case.  Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties.  Such bias or interest in the outcome creates a motive to testify falsely.  It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness' interest has affected or colored his testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find

that a witness has testified falsely about one matter, you may reject as false that portion of his testimony and accept as true any other portion of the testimony which you find credible or which you may find corroborated by other evidence in this case.   A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you?  It is for you to say whether his testimony at this trial was truthful in whole or in part.

### J.        Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier occasions which counsel argue are inconsistent with their trial testimony.   Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of any such prior inconsistent statements was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself.  If you find that a witness made an earlier statement that conflicts with that witness' trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be

given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

### K.      Preparation of Witnesses

You heard evidence that certain witnesses discussed the facts of the case and their testimony with lawyers before the witness appeared in court.  Although you may consider that fact when you are evaluating a witness' credibility, you should be aware that there is nothing unusual or improper about a witness meeting with lawyers before testifying.  Indeed, it would be unusual for a lawyer to call a witness to testify without such preparation.

## II.      SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.  Mr. Ray, the plaintiff in this case, has asserted a claim for breach of fiduciary duty and a claim for conversion against the defendants John G. Balestriere and the law firm Balestriere Fariello.  I will be referring to defendants collectively as the BF Parties.

The law firm Balestriere Fariello has also brought an account stated counterclaim against Mr. Ray.

I will discuss the elements of each of these claims.   You should consider each element of each claim separately and determine whether the party who has brought the claim has proven each element of the claim by a preponderance of the evidence.

### A.      Plaintiff's Claim for Breach of Fiduciary Duty

Plaintiff Mr. Ray claims that the BF Parties breached their fiduciary duty to Mr. Ray.  In order to establish a claim for breach of fiduciary duty, Mr. Ray must prove by a preponderance of the evidence first, that a fiduciary duty existed between plaintiff and defendants, second that defendants breached that duty, and third that damages resulted from that breach.

An attorney owes a fiduciary duty to a client, which means an attorney has a duty to act in good faith and in a client's best interests.  An attorney, like any fiduciary, owes undivided and unqualified loyalty to a client and may not act in any manner contrary to a client's interests.  A person acting in a fiduciary capacity is required to make truthful and complete disclosures to those to whom a fiduciary duty is owed, and the fiduciary is forbidden to obtain an improper advantage at a client's expense.

Mr. Ray claims the BF Parties breached their fiduciary duties by failing to inform him that a conflict of interest would exist between the parties since Mr. Ray began the process of deciding whether to file a second fraudulent conveyance lawsuit against Ms. Christina Ray and other parties given their expectation that the projected presiding judge in the case, New York Supreme Court Justice Charles E. Ramos, would impose sanctions against both Mr. Ray and the BF Parties for filing the lawsuit and would have to decide how to apportion the sanctions between them.  Mr. Ray claims that the BF Parties further breached their fiduciary duties when they attempted to settle Christina Ray's sanctions claim in contravention of Mr. Ray's instructions and threatened to withdraw as Mr. Ray's counsel if he did not follow their advice.

The BF Parties contend that there was no breach of fiduciary duty, since there was no conflict of interest between the parties because the BR Parties took full responsibility for the filing of the second fraudulent conveyance lawsuit, including at a sanctions hearing held before Justice Ramos on January 11-12, 2016, and the BF Parties followed Mr. Ray's instructions in attempting to settle the sanctions claim.  The BF Parties also assert that Mr. Ray was not damaged by any purported breach of fiduciary duty because he was capably represented by another attorney at the sanctions hearing.

11

If you find that the BF Parties did not have a fiduciary duty to Mr. Ray or had a duty but did not breach it, you need proceed no further.  If you find that the BF Parties had a fiduciary duty to Mr. Ray and breached that duty, you must then decide whether that breach was a substantial factor in causing Mr. Ray to sustain damages.

If you find that the BF Parties breached their fiduciary duty, and that breach caused Mr. Ray to sustain damages, you will award Mr. Ray such an amount as you find to be the actual compensatory damages sustained by Mr. Ray.

### B.      Plaintiff's Claim for Conversion

Plaintiff Mr. Ray next brings a claim against the BF Parties for conversion for failure to give Mr. Ray his litigation file after multiple requests.

Conversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property.  Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he sooner disposes of the property.

However, an attorney may retain a client's file and refuse to return it if the attorney possesses a retaining lien because the client has failed to pay outstanding legal invoices, which entitles an attorney to keep, as security against payment of fees, all client papers and property that come into the attorney's possession in the course of employment, unless the attorney is discharged for good cause.

Here, in order to prevail, Mr. Ray must prove that the BF Parties have exercised control over his litigation file and have interfered with Mr. Ray's ability to take possession of it.  Mr.

Ray must further show that he has a superior possessory right to his litigation file and that the BF Parties had been discharged by Mr. Ray for good cause and are not entitled to a retaining lien.

The BF Parties assert that Mr. Ray's conversion claim must be rejected because he owes them money over outstanding legal invoices and they were not discharged for good cause and, therefore, they enjoy a superior right of possession over Mr. Ray's legal file as a result of their retaining lien.

If you find that Mr. Ray has not proven his conversion claim by a preponderance of the evidence, you need proceed no further.  If you find that Mr. Ray has proven his conversion claim by a preponderance of the evidence, you will award Mr. Ray such an amount as you find to be the actual compensatory damages sustained by Mr. Ray.

### C.      Defendants' Account Stated Counterclaim

Defendant Balestriere Fariello asserts an account stated counterclaim against Mr. Ray. An account stated is an agreement between parties to an account based on prior transactions between them with respect to the correctness of the account items and balance due.  To establish a claim for account stated, a claimant must prove that: (i) an account was presented; (ii) the account was accepted as correct; and (iii) the debtor promised to pay the amount stated.

Acceptance of the account and a promise to pay may be implied if the debtor receiving a statement of account keeps it without objecting to it within a reasonable time or if the debtor makes partial payment.

Here, there is no dispute as to the first element of Balestriere Fariello's account stated counterclaim – namely that Balestriere Fariello presented and Mr. Ray received invoices for work performed between December 2015 and March 2016.  What is in dispute is whether Mr.

Ray adequately conveyed his objections to these invoices through his actions and statements within a reasonable time.

If you find that Mr. Ray failed to adequately dispute the invoices submitted to him by Balestriere Fariello for work performed between December 2015 and March 2016 within a reasonable time, then you will find in favor of Balestriere Fariello in terms of its counterclaim. If you find that Mr. Ray sufficiently disputed invoices submitted to him by Balestriere Fariello, then its counterclaim fails.

If you find that Balestriere Fariello has proven its account stated counterclaim by a preponderance of the evidence, you will award Balestriere Fariello such an amount as you find to be the actual compensatory damages sustained by Balestriere Fariello.

## III.   DAMAGES

If you find in favor of Plaintiff Mr. Ray on either of his claims or for Defendant Balestriere Fariello on its counterclaim, you must also decide the amount of damages that each should be awarded.  I will now instruct you on the law for measuring damages.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event that you should find that Mr. Ray or Balestriere Fariello have proven their claims in accordance with my other instructions.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

### A. Compensatory Damages

If you find liability on the parties' claims, then, pursuant to the instructions that follow, you should award that party the sum that you find will fairly and justly compensate the party for any injury you believe was proximately caused by the other party's conduct.

If you find for Mr. Ray or Balestriere Fariello with respect to any of their claims, then you must award them the sum that you find by a preponderance of the evidence that will fairly and justly compensate them for any damages you find they have sustained as a direct result or as a reasonably foreseeable consequence of either the BF Parties' or Mr. Ray's conduct.

The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that Mr. Ray or Balestriere Fariello has actually suffered.  It is Mr. Ray's or Balestriere Fariello's burden to prove the amount of their damages on their claims and to prove that the damages were caused by the BF Parties' or Mr. Ray's actions.  Your determination of damages must not be based on speculation or guesswork.

I will now explain the standards you must apply in determining the amount of damages, if any, to award Mr. Ray or Balstreire Fariello on their respective claims.

### B. Damages for Breach of Fiduciary Duty

If you find that the BF Parties breached their fiduciary duties to Mr. Ray and that the breach was a substantial factor in causing Mr. Ray to sustain damage, you must then decide the amount of damages Mr. Ray sustained as a result of the BF Parties' actions.  Part of those damages may include awarding to Mr. Ray an amount equal to part or all fees remitted to the BF Parties for representing him during the breach of fiduciary duty.

### C.     Damages on Conversion Claim

If you find that Mr. Ray has proven his conversion claim by a preponderance of the evidence, then you will award Mr. Ray such an amount as you find to be the actual damages sustained by Mr. Ray as a result of the BF Parties' failure to turn over Mr. Ray's litigation files as requested.

### D.     Damages on Account Stated Counterclaim

If you find that Balestriere Fariello has proven its account stated counterclaim, then you must find that Mr. Ray is obligated to pay the outstanding invoices owed to Balestriere Fariello. However, if you find that Balestriere Fariello breached its fiduciary duties to Mr. Ray then you may find that it has forfeited its right to collect on outstanding invoices for work performed during the breach of the fiduciary duty.

### E.     Punitive Damages

In addition to compensatory damages, Mr. Ray is seeking an award of punitive damages against the BF Parties.  In addition to actual damages, the law permits a jury, under certain circumstances, to award the injured person punitive or so-called "exemplary damages," in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.  They are not intended to, and may not be used to, compensate a party for injuries suffered, but rather to punish a party and to deter conduct in the future.

Keep in mind that the fact I am giving you instructions on punitive damages should not be considered as an indication on my part as to what your verdict should be or on whether punitive damages should be awarded.  It is entirely up to you to decide whether or not punitive damages should be awarded in this case.

Punitive damages may only be awarded if you have awarded compensatory damages to that party.  If you have awarded damages in favor of a party, you may, but are not required to, award punitive damages to them if you find by a preponderance of the evidence that their acts were wanton and reckless, malicious, or so outrageous as to evince a high degree of moral turpitude and showing such wanton dishonesty as to imply a criminal indifference to civil obligations.  An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its effect upon the health, safety and rights of the other party.  An act is malicious when it is done deliberately with knowledge of the other party's rights, and with the intent to interfere with those rights.

Any award of punitive damages should be limited to the amount reasonably necessary to achieve the goals of punishment and deterrence, and should not be so high as to result in financial ruin of a party.  Moreover, any award of punitive damages must bear a reasonable and proportional relationship to actual injuries and the compensatory damages that you award.  In calculating a punitive damages award, you should consider: (1) the nature and reprehensibility of the party's conduct, including the character of the wrongdoing and the party's awareness of what harm the conduct caused; (2) the amount of time the party was engaged in the reprehensible conduct; and (3) the party's financial condition and the impact your punitive damages will have on the party.

### F.      Multiple Claims—Multiple Defendants

I have two final cautionary instructions.  First, you should not award compensatory damages more than once for the same injury.  For example, if the plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim – he is only entitled to be made whole again, not to recover more than he

lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.  With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim.  Although there are two defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well.  Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants.  If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable.  Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of deciding damages.  If you decide that both defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.      Selection and Duties of Foreperson

It is customary for Juror Number 1 to serve as the foreperson, and that is what we will do here.  The foreperson doesn't have any more power or authority than any other juror, and her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  She will send out any notes, and when the jury has reached a verdict, she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### B.      Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony – in fact any communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

### C.      Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or

impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.   Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case.  You are not to discuss the case unless and until all jurors are present.  A majority of jurors together are only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your

discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until you are asked in open court.

### E.      Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate your decision.

You should answer every question except where the verdict form indicates otherwise.  You should also proceed through the questions in the order in which they are listed.

### F.      Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## V.   CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, if you apply your own common sense, and if you follow my instructions on the law, you will reach a fair verdict here.

**Court Exhibit 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMES RAY,

                        Plaintiff,

            -against-

BALESTRIERE FARIELLO, et al.,

                       Defendants.

BALESTRIERE FARIELLO,

                Counterclaim Plaintiff,

            -against-

AMES RAY,

                Counterclaim Defendant.

1:18-cv-11211 (JLR)

JENNIFER L. ROCHON, United States District Judge:

**<u>VERDICT FORM</u>**

**Court Exhibit 7**

## MR. RAY'S BREACH OF FIDUCIARY DUTY CLAIM AGAINST THE BF PARTIES

**Question 1**:

Did Mr. Ray prove his breach of fiduciary claim against John Balestriere and/or Balestriere Fariello by a preponderance of the evidence?

John Balestriere:              Yes _____              No _____

Balestriere Fariello:          Yes _____              No _____

*If you answered "Yes" to Question 1, please proceed to Question 2.*
*If you answered "No" to Question 1, please proceed to Question 5.*

**Question 2**:

Did Mr. Ray prove by a preponderance of the evidence that he suffered compensatory damages as a result of John Balestriere's and/or Balestriere Fariello's breach of fiduciary duty?

John Balestriere:              Yes _____              No _____

Balestriere Fariello:          Yes _____              No _____

*If you answered "Yes" to Question 2, please proceed to Question 3.*
*If you answered "No" to Question 2, please proceed to Question 5.*

**Question 3:**

State the dollar amount of any compensatory damages that you award Mr. Ray for his breach of fiduciary duty claim against the BF Parties.

              Compensatory damages:        $ _____

*If you answered "Yes" to Question 2 and awarded compensatory damages under Question 3, please proceed to Question 4.*

**Question 4:**

State the dollar amount of any punitive damages that you award Mr. Ray for his breach of fiduciary duty claim against John Balestriere and/or Balestriere Fariello.

John Balestriere:              $ _____

Balestriere Fariello:          $ _____

*Please proceed to Question 5.*

## MR. RAY'S CONVERSION CLAIM AGAINST THE BF PARTIES

**Question 5:**

Did Mr. Ray prove his conversion claim against John Balestriere and/or Balestriere Fariello by a preponderance of the evidence?

John Balestriere:              Yes _____              No _____

Balestriere Fariello:          Yes _____              No _____

*If you answered "Yes" to Question 5, please proceed to Question 6.*
*If you answered "No" to Question 5, please proceed to Question 9.*

**Question 6**:

Did Mr. Ray prove by a preponderance of the evidence that he suffered compensatory damages as a result of John Balestriere's and/or Balestriere Fariello's conversion?

John Balestriere:              Yes _____              No _____

Balestriere Fariello:          Yes _____              No _____

*If you answered "Yes" to Question 6, please proceed to Question 7.*
*If you answered "No" to Question 6, please proceed to Question 9.*

**Question 7:**

State the dollar amount of any compensatory damages that you award Mr. Ray for his conversion claim against the BF Parties.

              Compensatory damages:              $_____

*If you answered "Yes" to Question 6 and awarded compensatory damages under Question 7, please proceed to Question 8.*

**Question 8:**

State the dollar amount of any punitive damages that you award Mr. Ray for his conversion claim against John Balestriere and/or Balestriere Fariello.

John Balestriere:              $ _____

Balestriere Fariello:          $ _____

*Please proceed to Question 9.*

**BALESTRIERE FARIELLO'S COUNTERCLAIM AGAINST MR. RAY**

**Question 9**:

Did Balestriere Fariello prove its account stated counterclaim against Mr. Ray by a preponderance of the evidence?

Yes _____          No _____

*If you answered "Yes" to Question 9, please proceed to Question 10.*
*If you answered "No" to Question 9, please proceed to the last page of this verdict sheet and sign the verdict.*

**Question 10**:

Did Balestriere Fariello prove by a preponderance of the evidence that it suffered compensatory damages as a result of Mr. Ray's breach of accounts stated?

Yes _____          No _____

*If you answered "Yes" to Question 10, please proceed to Question 11.*
*If you answered "No" to Question 10, please proceed to the last page of this verdict sheet and sign the verdict.*

**Question 11:**

State the dollar amount of any compensatory damages that you award Balestriere Fariello for its account stated counterclaim against Mr. Ray.

Compensatory damages:          $_____

*Please proceed to the last page of this verdict sheet and sign the verdict.*

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Court in a note that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_____          _____
Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

Dated:          _____

EXHIBIT
8

We the jury would like to
reconvene tomorrow morning
at 9:30

Allison Stem                    1/31/23

Thank you so much for kindness and gracious host. You took such good care of us during our time here.

Best Regards
Sabrina

Dear Miss Bams—
Thanks so much for your smiling face and make us comfortable during this whole process. Please Be well!
Take care
Cobina #2

Thank you for going above and beyond in your service to us. You are such a kind person and make this world a better place. You made Jury duty fun.
— Siri

EXHIBIT
9

Jury Momma
#Best Deputy Ever

Thanks for taking care of us! such

ありがとう
a rigato

バムズさん
ba m zu sa n
♡
#178

Thank you, Ms. Bams, for taking care of us. Sincerely,
Eileen Ayvazian

Thank you, Ms Bams, for taking care of us.
Gracelin booten

Thanks for taking such good care of us! Your thoughtfulness is appreciated :) Lena

Thank you Ms Bams, I really appreciate everything you did for us. Very pleasant experience and nice to meet you.
Paola Vargas

Thanks for everything! You've made us very comfortable.
— Nick

Thank you so much for everything! You made this experience much less painful ♡ Allie



EXHIBIT
10
PENGAD-Bayonne, N. J.

If we were to find in favor
of Balestriere on counter claim,
do we have discretion on
determining the total compensatory
damages or must it be the total
damages claimed?

Allison Stern

2/1/23

**EXHIBIT**

**11**

What's the law on an attorney who has been terminated to charge the client [who terminated them] for the work done to finish up · OR close out work on the case(s) and charge said client?

Allison Stun

2/1/23

EXHIBIT

12

PENGAD-Bayonne, N. J.

We would like to continue
deliberations until 6:00 pm

3:55 pm        Allison Stum

2/1/23



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMES RAY,

        Plaintiff,

    -against-

BALESTRIERE FARIELLO, et al.,

        Defendants.

---

BALESTRIERE FARIELLO,

        Counterclaim Plaintiff,

    -against-

AMES RAY,

        Counterclaim Defendant.

---

1:18-cv-11211 (JLR)

JENNIFER L. ROCHON, United States District Judge:


**<u>VERDICT FORM</u>**

**Court Exhibit 7**

## MR. RAY'S BREACH OF FIDUCIARY DUTY CLAIM AGAINST THE BF PARTIES

**Question 1**:

Did Mr. Ray prove his breach of fiduciary claim against John Balestriere and/or Balestriere Fariello by a preponderance of the evidence?

John Balestriere:         Yes _____         No ____✓_____

Balestriere Fariello:      Yes _____         No ____✓_____

*If you answered "Yes" to Question 1, please proceed to Question 2.*
*If you answered "No" to Question 1, please proceed to Question 5.*

**Question 2**:

Did Mr. Ray prove by a preponderance of the evidence that he suffered compensatory damages as a result of John Balestriere's and/or Balestriere Fariello's breach of fiduciary duty?

John Balestriere:         Yes _____         No _____

Balestriere Fariello:      Yes _____         No _____

*If you answered "Yes" to Question 2, please proceed to Question 3.*
*If you answered "No" to Question 2, please proceed to Question 5.*

**Question 3:**

State the dollar amount of any compensatory damages that you award Mr. Ray for his breach of fiduciary duty claim against the BF Parties.

Compensatory damages:      $ _____

*If you answered "Yes" to Question 2 and awarded compensatory damages under Question 3, please proceed to Question 4.*

**Question 4:**

State the dollar amount of any punitive damages that you award Mr. Ray for his breach of fiduciary duty claim against John Balestriere and/or Balestriere Fariello.

John Balestriere:         $ _____

Balestriere Fariello:      $ _____

*Please proceed to Question 5.*

## MR. RAY'S CONVERSION CLAIM AGAINST THE BF PARTIES

**Question 5:**

Did Mr. Ray prove his conversion claim against John Balestriere and/or Balestriere Fariello by a preponderance of the evidence?

John Balestriere:          Yes _____          No _____

Balestriere Fariello:      Yes _____          No _____

*If you answered "Yes" to Question 5, please proceed to Question 6.*
*If you answered "No" to Question 5, please proceed to Question 9.*

**Question 6:**

Did Mr. Ray prove by a preponderance of the evidence that he suffered compensatory damages as a result of John Balestriere's and/or Balestriere Fariello's conversion?

John Balestriere:          Yes _____          No _____

Balestriere Fariello:      Yes _____          No _____

*If you answered "Yes" to Question 6, please proceed to Question 7.*
*If you answered "No" to Question 6, please proceed to Question 9.*

**Question 7:**

State the dollar amount of any compensatory damages that you award Mr. Ray for his conversion claim against the BF Parties.

            Compensatory damages:          $_____

*If you answered "Yes" to Question 6 and awarded compensatory damages under Question 7, please proceed to Question 8.*

**Question 8:**

State the dollar amount of any punitive damages that you award Mr. Ray for his conversion claim against John Balestriere and/or Balestriere Fariello.

John Balestriere:          $ _____

Balestriere Fariello:      $ _____

*Please proceed to Question 9.*

2

**<u>BALESTRIERE FARIELLO'S COUNTERCLAIM AGAINST MR. RAY</u>**

**Question 9**:

Did Balestriere Fariello prove its account stated counterclaim against Mr. Ray by a preponderance of the evidence?

Yes _____✓_____          No _____

*If you answered "Yes" to Question 9, please proceed to Question 10.*
*If you answered "No" to Question 9, please proceed to the last page of this verdict sheet and sign the verdict.*

**Question 10**:

Did Balestriere Fariello prove by a preponderance of the evidence that it suffered compensatory damages as a result of Mr. Ray's breach of accounts stated?

Yes _____✓_____          No _____

*If you answered "Yes" to Question 10, please proceed to Question 11.*
*If you answered "No" to Question 10, please proceed to the last page of this verdict sheet and sign the verdict.*

**Question 11**:

State the dollar amount of any compensatory damages that you award Balestriere Fariello for its account stated counterclaim against Mr. Ray.

Compensatory damages:          $26,505.99

*Please proceed to the last page of this verdict sheet and sign the verdict.*

3

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Court in a note that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

Foreperson

Dated: 2/1/2023

4