UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMES RAY,<br><br>                          Plaintiff,<br><br>-against-<br><br>BALESTRIERE FARIELLO and JOHN G. BALESTRIERE,<br><br>                          Defendants. | Case No. 1:18-cv-11211 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On December 4, 2023, Ames Ray ("Plaintiff") moved for sanctions against Balestriere Fariello and John G. Balestriere (together, Defendants). ECF No. 204. Plaintiff accused Defendants of improperly disclosing confidential information relating to a settlement conference held in October 2020 before Magistrate Judge Parker. ECF No. 205. On December 18, 2023, the Court referred the motion to Magistrate Judge Parker for a report and recommendation. ECF No. 208.

On May 10, 2024, Magistrate Judge Parker issued a Report and Recommendation advising that Plaintiff's motion for sanctions should be denied on several grounds, including that the allegedly improper conduct took place in state court, not federal court. ECF No. 214 (the "Report") at 6, 8-9. The Report warned, in bold font, that failure to timely object would result in a waiver of objections and preclude appellate review. *Id.* at 10.

Generally, a party must file objections to a magistrate judge's recommended disposition within 14 days after the party is served with a copy of the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Hence, the deadline to respond to the Report was May 24,

1

2024.  That date has passed and no objections have been filed to the Report.  For the following reasons, the Court adopts the Report in full.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Norman v. Three in One Equities, LLC*, No. 22-cv-03173 (JLR), 2024 WL 967175, at *1 (S.D.N.Y. Mar. 6, 2024) (citation omitted).  A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "clear notice of the consequences of the failure to object."  *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotation marks and citation omitted).

Here, neither party has submitted objections to the Report.  The Court therefore reviews the Report for clear error.  *See Norman*, 2024 WL 967175, at *1.  The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous.  Therefore, the Court ADOPTS the thorough and well-reasoned Report in its entirety.

The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 204.  In light of the clear notice provided in the Report, the lack of any timely objections precludes appellate review of this decision.  *See Frank*, 968 F.2d at 300.

Dated: May 28, 2024
      New York, New York

                                 SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge